JON SANDS
Federal Public Defender
District of Arizona
2285 S. 4th Avenue, Suite 2E
Yuma, Arizona  85364
Telephone:  928-314-1780

Jerry Hernandez
AZ State Bar #013021
Asst. Federal Public Defender
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>      vs.<br><br>Juan Carlos Molina Yanez,<br><br>             Defendant. | No.:  2:23-cr-01345-SMB-1<br><br>(Assigned to the Hon. Susan M. Brnovich)<br><br>**MOTION TO VARY DOWNWARD** |

Comes now the Defendant, Juan Carlos Molina Yanez, and respectfully petitions this Court to vary downward.

MEMORANDUM

I.    INTRODUCTION

The guidelines in this case dramatically overinflate the Defendant's culpability and sentencing range.  The circumstances of the offense and the history and characteristics of the Defendant militate in favor of a variance.  The Defendant has been doing well on pre-trial release and a protracted prison sentence is the true threat to the §3553(a) sentencing factors.  The Pre-Sentence Report (PSR) recognizes these concerns but does not vary downward far enough to accommodate them.

II.    THE GUIDELINES

1

The Defendant received an increase from offense level 14 to offense level 20 by virtue of his marijuana use.  An additional six levels was added, bringing his total offense level to 26.  After acceptance of responsibility his final offense level is 23, criminal history category I, bringing his guideline range to 46-57 months.

The PSR recommends 24 months, which is the functional equivalent of removing the six level increase for being an illegal drug user.  This is a humane and practical variance request, but does not go far enough.

The Defendant is severely mentally ill and at the time of these events was homeless and living on the streets.  Since his arrest (an intervention of sorts) he has done remarkably well.  Structure has been good for him.  Sobriety has been good for him.

Mr. Yanez, to his credit, has no criminal history, despite his history of abuse and drug use.  He does not appear to a danger to the community.  Mr. Yanez is of the opinion that his lack of criminal history is inadequately considered by the guidelines.

III.    CONCLUSION

The guidelines are too harsh with respect to this Defendant.  The §3553(a) factors militate in favor of less punishment and more treatment and education.  Society is safer with a sober, well adjusted Mr. Yanez.  The Court shouldn't retard his success with a lengthy prison term.  For these reasons Mr. Yanez asks the Court to impose a sentence between 12 months (one year) and 18 months.

Respectfully submitted:  July 15, 2024.


                                    JON M. SANDS
                                    Federal Public Defender


                                    */s/ Jerry M. Hernandez*
                                    JERRY M. HERNANDEZ
                                    Asst. Federal Public Defender