GARY M. RESTAINO
United States Attorney
District of Arizona
BENJAMIN GOLDBERG
New York State Bar No. 5346838
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: ben.goldberg@usdoj.gov
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. CR-23-01345-SMB |
|---|---|
| Plaintiff, | |
| vs. | **GOVERNMENT'S SENTENCING MEMORANDUM AND RESPONSE TO DEFENDANT'S MOTION TO VARY DOWNWARD** |
| Juan Carlos Molina Yanez, | |
| Defendant. | |

The United States respectfully requests that this Court sentence defendant Juan Carlos Molina Yanez ("Yanez") to no more than 24 months' imprisonment. Such a sentence considers the sentencing factors set forth in 18 U.S.C. § 3553(a), including the nature and characteristics of the offense, the history and characteristics of the defendant, and the need for the sentence to afford adequate deterrence.

**I.     Factual Background**

On April 12, 2023, special agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") received a call from a Federal Firearms Licensee ("FFL") advising them that Yanez had purchased two semi-automatic rifles. (PSR ¶ 7.) After arriving on the scene, ATF agents saw another individual, Jorge Adan Garcia Martinez, dropping Yanez off at a residence. (Id.) Agents conducted a traffic stop on Martinez and observed a firearm on the floorboard of the front passenger seat. (Id.)

Martinez told agents that he gave Yanez a ride to the FFL and that Yanez had purchased two firearms that were currently in the vehicle. (PSR ¶ 8.) According to Martinez, Yanez was supposed to come collect the firearms later, or would send someone if he was unable to. (Id.) Martinez also said that he had driven Yanez to other FFLs at least four prior times. (Id.)

On April 18, 2023, agents interviewed Yanez after he applied for entry into the United States at the San Luis Port of Entry. (PSR ¶ 10.) Yanez admitted that he had purchased more than 20 firearms but at first claimed that his firearms had been stolen. (Id.) Yanez eventually admitted that he purchased the firearms for another individual, although he claimed that individual threatened to kill him and his family. (PSR ¶ 11.) Yanez said he was paid $100 for each firearm purchase and would always leave the guns with Martinez (or whoever else was driving him to the FFL). (Id.) Yanez claimed he did not know what happened to the guns after he left the car. (Id.) Yanez also admitted that he used the wrong address during his purchases. (PSR ¶ 12.)

Further investigation showed that between May 16, 2022 and April 14, 2023, Yanez purchased 27 firearms. (PSR ¶ 14.) One of those firearms was recovered in Mexico 237 days after Yanez purchased it. (PSR ¶ 17.) Several of the firearms that Yanez purchased were semi-automatic rifles capable of accepting high-capacity magazines. (Id.) Agents also discovered that Yanez had several border crossings into the United States that coincided with his firearm purchases. (PSR ¶ 16.)

On September 26, 2023, a thirteen-count indictment was filed charging Yanez with False Statement During the Purchase of a Firearm for each count. (PSR ¶ 1.) On February 14, 2024, Yanez pled guilty to count 1 of the indictment. (PSR ¶ 3.)

**II.     The Applicable Guidelines Range**

The United States has reviewed the PSR and has no objections, additions, or corrections. The PSR calculates a total offense level of 23 and a criminal history category of I, resulting in a Guidelines range of 46-57 months' imprisonment. (PSR at 11.)

The PSR notes that Yanez has no criminal history, had a difficult childhood filled with abuse, and that he has been diagnosed with a mental health condition. (PSR ¶ 86.) In light of those factors, the PSR notes that a sentence within the Guidelines range may be greater than necessary to deter future conduct. (Id.) Indeed, the PSR recommends a downward variance, ultimately suggesting a sentence of 24 months, to be followed by three years of supervised release. (PSR at 16.)

The plea agreement in this case contains a stipulation that Yanez's sentence will not exceed the low-end of the Guidelines range. (PSR ¶ 82.)

**III.     Argument**

In his motion for a downward variance, Yanez requests a variance and a sentence between 12 months and 18 months. (Doc. 43.) In support, Yanez notes that he was severely mentally ill at the time of the offense, has no prior criminal history, and has been doing well on pretrial release. (Id. at 2.)

As noted above, the PSR also recommends a downward variance and a sentence of 24 months' imprisonment. The government agrees that a downward variance is appropriate here and asks respectfully requests that this Court sentence Yanez to no more than 24 months' imprisonment, to be followed by a three-year term of supervised release. Such a sentence is appropriate in light of the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to afford adequate deterrence. *See* 18 U.S.C. § 3553(a).

To be sure, the nature and circumstances of the offense are series, and there is a need to promote respect for the law, provide just punishment, and deter future crimes. Yanez purchased almost 30 firearms on behalf of another individual in Mexico, several of which were capable of receiving high-capacity magazines. Yanez lied on his purchase forms and one of the firearms he purchased was later recovered in Mexico. Yanez appears to have crossed into the country specifically to purchase firearms and his lack of concern as to the ultimate destination of those guns is highly concerning to the government.

However, the government also acknowledges that several factors support a downward variance in this case. Yanez has no criminal history, suffers from a severe mental health condition, and has done well on pretrial release. A downward variance will also leave Yanez on par with similarly-situated defendants. Considering the totality of the circumstances, the government requests this Court vary downward and sentence Yanez to no more than 24 months' imprisonment, followed by a three-year term of supervised release.

**IV.    Conclusion**

For the foregoing reasons, the United States respectfully requests the Court impose a sentence of no more than 24 months' imprisonment. Such a sentence is sufficient, but not greater than necessary, to afford a just punishment and adequate deterrence and to reflect the seriousness of the offense and is warranted in light of the history and characteristics of the defendant.

Respectfully submitted this 29th day of July, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Benjamin Goldberg*
BENJAMIN GOLDBERG
Assistant U.S. Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Jerry Hernandez
*Attorney for defendant*

*s/C. Covington*
U.S. Attorney's Office